```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

JOHN IKEAKA,

       Petitioner,

v.                                    Case No: 2:14-cv-513-FtM-29MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

       Respondents.[1]

_____

## ORDER OF DISMISSAL

Petitioner John Ikeaka ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 on August 29, 2014 by filing a petition and a supporting memorandum (Doc. 1; Doc. 10). Petitioner, proceeding *pro se*, is presently confined at the Dade Correctional Institution in Florida City, Florida (Doc. 1 at 1). He challenges the twenty-five year sentence for trafficking in 28 grams or more of heroin entered by the Twentieth Judicial Circuit Court in Lee County, Florida. Id.

---

[1] There "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). This is "the person with the ability to produce the prisoner's body before the habeas court[.]" Id. at 435-36. When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 436 (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

The Court ordered Respondent to show cause why the relief sought in the amended petition should not be granted (Doc. 5). Respondent filed a response to the petition which addressed the its timeliness and incorporated a motion to dismiss the petition as time-barred (Doc. 17). Petitioner filed a reply (Doc. 23).

Petitioner raises two claims in his petition: (1) a new Florida Supreme Court case indicates that he may have been unconstitutionally sentenced in excess of the statutory maximum (Doc. 1 at 5); and (2) he was sentenced in excess of the punishment recommended by Florida's Criminal Punishment Code. Id. at 7.

The Court cannot reach the merits of these claims because, as explained below, the pleadings and attachments before the Court establish that the petition should be dismissed as untimely.

**I.   Background and Procedural History**

On January 18, 2001, Petitioner was charged by information with one count of trafficking in heroin, in violation of Florida Statute § 893.135(1)(c) (Ex. 1 at 5-6).[2]  The state amended the information on January 31, 2001 to reflect that Petitioner had been in actual or constructive possession of 28 or more grams of heroin or any mixture containing heroin. Id. at 11-12.

Petitioner pleaded guilty to the sole count of the information, specifically reserving his right to challenge his

---

[2] Citations to exhibits or appendices are to those filed by Respondent on April 2 and 6, 2015 (Doc. 19; Doc. 20).

sentence (Ex. 1A at 47, 73). At his sentencing hearing, Petitioner argued that the twenty-five year minimum mandatory sentence for his crime was unconstitutional. However, the trial court imposed the mandatory minimum sentence (Ex. 1a at 105-118; Ex. B at 124). Petitioner's sentence was *per curiam* affirmed by Florida's Second District Court of Appeal on October 24, 2003 (Ex. 4).

On May 21, 2005, Petitioner filed a motion pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion"). Relief was denied on November 16, 2005 (Ex. 9). The denial was *per curiam* affirmed on April 11, 2007, and mandate issued on June 22, 2007 (Ex. 13; Ex. 16).

On March 8, 2011, Petitioner filed a state petition for writ of habeas corpus (Ex. 17), but it was dismissed as successive, untimely, and barred by res judicata (Ex. 19). On January 25, 2012, the Second District Court of Appeal *per curiam* affirmed the dismissal (Ex. 23). Mandate issued on February 23, 2012 (Ex. 24).

Petitioner delivered the instant 28 U.S.C. § 2254 petition to prison officials for mailing on August 27, 2014.[3] (Doc. 1).

---

[3] This is the filing date under the "mailbox rule." See Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if [that] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

**II. <u>Analysis</u>**

    **A. A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation**

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, Petitioner raises two separate claims. The federal statute of limitations requires a claim-by-claim approach to determine timeliness. <u>Zack v. Tucker</u>, 704 F.3d 917 (11th Cir. 2013). Petitioner asserts that Claim One was not "ripe" until the

Florida Supreme Court's ruling in State v. Johnson, 122 So. 3d 856 (Fla. 2013).  Petitioner provides no explanation for his failure to timely file Claim Two.

### B. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply to Claim Two of the instant petition. Therefore, the statute of limitations for this claim is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. §§ 2244(d)(1)(A).

Florida's Second District Court of Appeal affirmed Petitioner's conviction and sentence on October 24, 2003. Petitioner's judgment became final ninety days later — when his time to seek review in the United States Supreme Court expired. See Nix v. Sec'y for the Dep't of Corr., 393 F.3d 1235, 1236–37 (11th Cir. 2004); Bell v. Maryland, 378 U.S. 226, 232 (1964) (time period in which a petitioner could file a petition for writ of certiorari to the Supreme Court must be considered in calculating date on which judgment becomes final). Accordingly, Petitioner's judgment became final on January 22, 2004.  Petitioner then had until January 22, 2005 to file his federal habeas petition. Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one-year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires

on the anniversary of the date it began to run.") (citing Ferreira v. Sec'y, Dept. of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner's federal habeas petition was filed on August 22, 2014. Therefore, if the AEDPA limitations period is calculated under the rule in 28 U.S.C. § 2244(d)(1)(A), the petition was filed 3499 days late unless tolling principles apply to render it timely.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner filed his first Rule 3.850 motion on May 2, 2005. However, by that time, Petitioner's one-year AEDPA limitations period had lapsed, and the Rule 3.850 motion could not operate to toll the statute of limitation. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition that is filed following the expiration of the federal limitations cannot toll the limitations period because there is no remaining period to be tolled).

**C. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. §§ 2244(d)(1)(B)-(D)**

In Claim One of his petition, Petitioner argues that "[t]he United States Supreme Court announced decisional law rule in Blakely[v. Washington, 542 U.S. 296 (2004)] which conflict[s] in application in Florida State Courts [sic] was settled in Johnson

by Florida Supreme Court." (Doc. 1 at 5). Petitioner urges that Claim One is timely under 28 U.S.C. § 2244(d)(1)(C) because he calculates his AEDPA due date from "the date in which the constitutionality of the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactive applicable to cases on collateral review." Id. at 13. Because Johnson is not a holding from the United States Supreme Court, § 2244(d)(1)(C) is inapplicable to this case.

Likewise, § 2244(d)(1)(D) deals with "the factual predicate of the claim" - the facts necessary to state a plausible claim for relief in a habeas petition. See McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007) ("[T]he 'factual predicate' of a petitioner's claims constitutes the 'vital facts' underlying those claims.") Changes in substantive of decisional law are not "facts" supporting a claim. Lo v. Endicott, 506 F.3d 572, 576 (7th Cir. 2007) ("[A] state court decision modifying substantive law" does not constitute a factual predicate under § 2244(d)(1)(D)); Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005) ("If a change in (or clarification of) state law, by a state court, in a case in which [the defendant] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless."); Dixon v. Wachtendorf, 758 F.3d 992, 993 n.4 (8th Cir. 2014) ("A legal decision in this circumstance is generally

not a 'factual predicate' as described in § 2244(d)(1)(D)."). Moreover, the United States Supreme Court has explained that § 2244(d)(1)(D) applies to case in which new evidence "could have been discovered through the exercise of due diligence." McQuiggin v. Perkins, 133 S. Ct. 1924, 1935 (2013). Applying this reasoning to § 2244(d)(1)(D) supports a conclusion that "newly-discovered law" cannot restart the limitations period for a § 2254 petition; only new facts may do so. Petitioner does not point to any new evidence or facts, but rather to new law as interpreted by the Florida Supreme Court. The state law decisions do not change any facts related to Petitioner's conviction or sentence.

Finally, the provision in § 2244(d)(1)(B) appears to be designed to extend the limitations period for cases in which a state directly interferes with a prisoner's ability to file a habeas petition. See Whalem/Hunt v. Early, 233 F.3s 1146, 1147 (9th Cir. 2000) (failure of prison officials to stock necessary legal materials for filing a habeas petition could constitute an impediment); Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003)(inadequate libraries constituted a "state created impediment," thereby tolling the AEDPA limitations period). In the instant case, Petitioner was free to file a federal habeas petition at any time. He provides no support for a conclusion that a state's determination of its own substantive law in a way

that leaves a prisoner with no meritorious federal claim is an "impediment" under § 2244(d)(1)(B).

Moreover, even if this Court were to conclude that § 2244(d)(1)(B) (or any of the other sub-sections of § 2244(d)(1)) could operate to delay the start date for the AEDPA statute of limitation based upon the Florida Supreme Court's decision in Johnson, the limitation period is still only one year. Johnson was decided on June 27, 2013, more than a year prior to Petitioner's filing of the instant petition. After Johnson, Petitioner did not file anything in state court that could have operated to toll the AEDPA statute of limitation. Accordingly, even if the Florida Supreme Court's decision in Johnson could have operated to restart the AEDPA clock under any subsection of § 2244(d)(1), Petitioner's federal habeas petition was still filed 61 days late.[4]

**D.  Petitioner's habeas corpus petition is not subject equitable tolling**

The Eleventh Circuit has held that "the AEDPA's statute of limitations may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Knight v. Schofield,

---

[4] Respondent asserts that "[t]he decision to which Ikeaka refers, State v. Johnson, 122 So. 3d 856 (Fla. 2013) appears completely inapplicable to Petitioner's case." (Doc. 17 at 12). Because both claims in the instant petition are untimely, it is unnecessary for this Court to address the applicability of Johnson to Petitioner's situation.

292 F.3d 709, 711 (11th Cir. 2002) (internal quotation marks omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Id.

Petitioner does not argue in his petition or its supporting memoranda that his untimeliness should be equitably excused. Petitioner has presented no evidence that he was the victim of "extraordinary circumstances that [were] both beyond his control and unavoidable even with diligence," and thus, he does not qualify for equitable relief. Knight, 292 F.3d at 711. Nor has Petitioner exercised the level of diligence required to show the "rare and exceptional circumstances" that qualify a petitioner for equitable tolling. See Lawrence, 421 F.3d at 1226.

Based on the foregoing, the Court concludes that Petitioner is not entitled to statutory or equitable tolling. This petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

**III. Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is **DISMISSED** from this action as a named Respondent.

2. The Petition for Writ of Habeas Corpus filed by John Ikeaka is **DISMISSED WITH PREJUDICE** as time-barred.

3. Petitioner is **DENIED** a Certificate of Appealability.

4. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___17th___ day of August, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

```
SA: OrlP-4
Copies: John Ikeaka
Counsel of Record
```